UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:96-CR-132-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHNNY RAY ADAMS | ) | |
| Defendant. | ) | |

Johnny Ray Adams has filed three additional motions concerning his sentence, imposed by the undersigned on December 9, 1996 [DE-12], as amended by [DE-16] on December 15, 1997. Adams' § 2255 motion was denied by order of September 25, 2001 [DE-18], which was affirmed by the Fourth Circuit Court of Appeals on April 25, 2002 [DE-22]. Additional post-conviction motions for collateral review [DE-24, -27 and -28] were denied as moot when the court allowed the Government's motion to dismiss them. See [D-30].

Adams filed several motions seeking relief from his sentence pursuant to retroactive amendments to the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), see [DE-32, 33, 34], but relief was denied by order of December 17, 2008 [DE-41], because he was not eligible for a reduction. That order was affirmed on appeal. See [DE-48]. Two days after the Fourth Circuit issued its decision, Adams filed a renewed motion seeking a reduction of his sentence under § 3582(c)(2), based on the crack amendment. That motion was denied by order of March 30, 2010 [DE-52].

Adams recently filed another § 3582(c)(2) motion [DE-53] for reduction of his sentence arguing that *United States v. Booker*, 543 U.S. 220 (2005) and its progeny authorize resentencing under an advisory Guideline Sentencing scheme. He also seeks appointment of counsel to assist him in prosecuting [DE-53]. See [DE-54]. Adams's latest § 3582(c)(2) motion for amendment of his sentence [DE-53] and for appointment of counsel in relation thereto [DE-

54] are DENIED. Adams was sentenced long before *Booker* was decided in 2005, and the holding in that case has not been made retroactive to cases on collateral review.

Most recently, Adams filed a document entitled, "Defendant's Advisory to the Court and Motion for Amendment of Presentence Investigation Report," [DE-55], on February 18, 2011. In the latter motion, Adams points out that although he has completed an in-house substance abuse program in which he acknowledged his drug abuse, he was denied participation in BOP's 500-hour Residential Drug Abuse Program ("RDAP"), purportedly because his Presentence Report did not indicate that he had abused drugs. Adams attached a number of exhibits to this latest motion, including a copy of a letter he obtained from his Supervising Probation Officer cataloging Adams's past convictions related to illegal drugs and observing that it appeared Adams had "been involved in the distribution or use of cocaine and marijuana since the age of 16," most recently having had his bond revoked in August 1996, for possessing crack.

Adams also supplied a copy of BOP Informal Resolution Attempt documentation reflecting that Adams' request to enroll in the 500-hour RDAP had been denied, explaining that there was insufficient data in his record to support a diagnosis of substance abuse or substance dependence based on BOP eligibility criteria. Adams pursued an apparently unsuccessful appeal of that rejection. His present request is that the undersigned order the Probation Office to amend his Presentence Report to include a finding of substance abuse and dependency, and to order the BOP to enroll him in the 500-hour RDAP. Adams's Motion to Amend Presentence Report [DE-55] also is DENIED, as there is no evidence of record to support his suggestion that the Report is erroneous.

For the foregoing reasons, therefore, Adams's Motions [DE-53, -54, and -55] are DENIED.

SO ORDERED.

This the 23rd day of February, 2011.

                                              *James C. Fox*
                                              JAMES C. FOX
                                              Senior United States District Judge